2014 CO 59

DEPARTMENT OF REVENUE of the State of Colorado; and Barbara Brohl, in her official capacity as Executive Director of the Department of Revenue of the State of Colorado, Petitioners,

v.

PUBLIC SERVICE COMPANY OF COLORADO, Respondent.

Supreme Court Case No. 11SC759

Supreme Court of Colorado.

June 30, 2014

Attorneys for Petitioners: John W. Suthers, Attorney General, Daniel D. Domenico, Solicitor General, Robert H. Dodd, Jr., Senior Assistant Attorney General, Grant T. Sullivan, Assistant Solicitor General, Denver, Colorado.

Attorneys for Respondent: Silverstein & Pomerantz, LLP, Neil I. Pomerantz, Mark E. Medina, Michelle Bush, Denver, Colorado.

JUSTICE EID delivered the Opinion of the Court.

¶1 Public Service Company of Colorado ("the taxpayer"), a producer of electricity, brought a tax refund claim against the Department of Revenue of the State of Colorado ("the Department") and its executive director, Barbara Brohl, in her official capacity. The taxpayer argued that it was entitled to a refund because it had paid taxes when it was actually eligible for an exemption under section 39–26–709(1)(a)(II), C.R.S. (2013), which provides an exemption for machinery "used in Colorado directly and predominantly in *manufacturing tangible personal property,* for sale or profit. . . ." (Emphasis added). The taxpayer argued that electricity is tangible personal property, and that its production constitutes manufacturing, thereby entitling it to the machinery exemption. The Department denied the taxpayer's refund request.

¶2 The taxpayer then challenged the Department's denial before the district court. The district court held in favor of the taxpayer, concluding that electricity is tangible personal property and that the production of electricity constitutes manufacturing, thus entitling the taxpayer to the machinery exemption. The court of appeals affirmed, *Pub. Serv. Co. v. Dep't of Revenue,* —— P.3d ——, ——, 2011 WL 4089971 at *1 (Colo. App. No. 10CA1026, Sept. 15, 2011), and we granted the Department's petition for writ of certiorari.

¶3 We now reverse. Section 39–26–104(1)(d.1), C.R.S. (2013) imposes a tax on

"*electric service*, whether furnished by municipal, public, or private corporations or enterprises, for gas and *electricity furnished and sold* for commercial consumption and not for resale . . . ." (Emphasis added). Section 39–26–104(1)(d.1) thus contemplates that "electricity furnished and sold" is to be taxed as a service, not as tangible personal property. Stated differently, when the General Assembly contemplated how electricity would be taxed, it concluded that it would be taxed as a service as uniquely defined in section 39–26–104(1)(d.1). Because electricity does not qualify as tangible personal property, the taxpayer is not entitled to the machinery exemption. Accordingly, we reverse the court of appeals and remand the case for further proceedings consistent with this opinion.

## I.

¶ 4 In 2001, the Department's Executive Director issued Director Determination 567 ("DD 567") to resolve an unrelated power company's tax refund request. The power company had sought a refund for purchases of machinery used in the generation of electricity pursuant to the exemptions in sections 39–26–709 and 39–30–106(1), C.R.S. (2013), which exempt machinery purchased for use in the "manufacturing" of "tangible personal property" from sales and use taxes. DD 567 concluded that electricity was "tangible personal property" and that the generation of electricity constituted "manufacturing" for the purposes of the sales and use tax statutes. As a result, machinery purchased for the generation of electricity was determined to be exempt from sales and use taxes. DD 567 was the Department's first explication of the sales and use tax statutes and regulations in the context of the generation and transmission of electricity.

¶ 5 After the Department issued DD 567, the taxpayer filed refund claims for approximately $12.7 million in sales and use taxes paid on machinery and machine tools purchased between December 1998 and November 2002 that the taxpayer used to generate

electricity.[1] The taxpayer claimed its purchases were exempt from sales and use taxes under the machinery exemption, section 39–26–709, and the machinery enterprise zone exemption, section 39–30–106, as purchases of machinery used in the "manufacturing" of "tangible personal property."

¶ 6 The taxpayer received a partial refund from the Department and filed a protest seeking review of its non-refunded claims. After an administrative review, the Department formally reversed its position in DD 567 on November 6, 2006 with Director Determination 598 ("DD 598"), which denied the taxpayer's claim in its entirety. In DD 598, the Department concluded that to be considered "tangible personal property" under the machinery exemption statutes, the manufactured product must have an objective material body that is perceptible to the senses of sight and touch. The Department thus ruled that electricity did not have a "real body" and was therefore not tangible personal property. The Department further determined that "manufacturing" required that there be production of a new product from raw materials, such that raw materials are incorporated into the final product. Since electricity is not comprised of the raw materials used in its generation, such as coal, the Department determined that the generation of electricity did not constitute a manufacturing process under the statute.

¶ 7 The taxpayer appealed the Department's ruling to the Denver District Court. The district court ruled for the taxpayer. In its decision, the district court concluded that (1) electricity is tangible personal property; (2) the generation of electricity is a manufacturing process; and (3) the taxpayer was entitled to claim the machinery exemption on the purchase of machinery and machine tools for use in the generation and the transmission of electricity.

¶ 8 The Department appealed the ruling to the court of appeals, which affirmed the district court's ruling. We granted the Depart-

1. Although the taxpayer has filed claims for the period between December 1998 and November 2002, the parties have agreed to only reach the period between December 1998 and December 2001 for the purpose of this litigation.

ment's petition for review [2] and now reverse the court of appeals.

## II.

■ ¶ 9 The machinery exemption, section 39–26–709(1)(a)(II), provides: "The following shall be exempt from taxation under the provisions of part 1 of this article: ... purchases of machinery or machine tools, or parts thereof, in excess of five hundred dollars to be used in Colorado directly and predominantly in *manufacturing tangible personal property,* for sale or profit...." (Emphasis added). The issue in this case is whether the taxpayer's generation of electricity constitutes "manufacturing [of] tangible personal property" such that it would fall within this exemption.[3] We conclude that it does not. Instead, we hold that when read as a whole, the sales and use tax statutes treat electricity as a service, rather than as tangible personal property.

¶ 10 Section 39–26–104 imposes taxes on various kinds of property and services. Section 39–26–104(1)(a), for example, imposes a tax on "all sales and purchases of tangible personal property...." Numerous other sections impose sales taxes on services. Particularly pertinent here is section 39–26–104(1)(d.1), which imposes a tax on "gas and *electric service,* whether furnished by municipal, public, or private corporations or enterprises, for gas and *electricity furnished and sold* for commercial consumption and not for resale...." (Emphasis added). The taxpayer argues that electricity is taxed as

tangible personal property under section 39–26–104(1)(a), and that section 39–26–104(1)(d.1) merely evidences the General Assembly's intent to tax the ancillary (and presumably minimal) service aspect of electricity.

¶ 11 We disagree. Section 39–26–104(1)(d.1) contemplates that "electricity furnished and sold for commercial consumption" is to be taxed as a service. Section 39–26–104(1)(d.1) therefore defines "service" to include the furnishing and sale of electricity. By incorporating the furnishing and sale of electricity into the definition of service, section 39–26–104(1)(d.1) leaves nothing for section 39–26–104(1)(a) to tax as the sale or purchase of tangible personal property. In other words, when the General Assembly contemplated how electricity would be taxed, it concluded that it would be taxed as a service as uniquely defined in section 39–26–104(1)(d.1). Other provisions of the tax code conform to this understanding. For example, the definitional section defines "sale" as, among other things, "the sale or furnishing of electrical energy." § 39–26–102(10), C.R.S. (2013).[4]

■ ¶ 12 Echoing the court of appeals, the taxpayer relies heavily upon the Department's regulation that defines "tangible personal property" as "all goods, wares, merchandise, products *and commodities,* and all tangible or corporeal things and substances which are dealt in, capable of being possessed and exchanged, except newspapers excluded by the law." 1 Code Colo. Regs.

2. We granted review on the following issues:

 1) Whether the court of appeals erred in concluding that electricity is "tangible personal property" under the machinery tax exemption, sections 39–26–709, C.R.S. (2012), and 39–30–106, C.R.S. (2012).
 2) Whether the court of appeals erred in concluding that the generation, transmission, and distribution of electricity constitutes "manufacturing" for purposes of the machinery tax exemption, sections 39–26–709, C.R.S. (2012), and 39–30–106, C.R.S. (2012).

3. We note that the issues granted for review also include whether the court of appeals correctly applied section 39–30–106 (the enterprise zone machinery exemption). However, as the two provisions contain the same pertinent language,

and the parties have not argued that there are any differences in the statutes that are material to this case, we do not separately address section 39–30–106.

4. Both the Department and the taxpayer attempt to read two tax exemptions that include electricity as supportive of their positions. See §§ 39–26–102(21) (exempting as wholesale the sale and purchase of electricity and other fuels for use in manufacturing and other industries); and 39–26–715(2)(b)(I), C.R.S. (2013) (exempting from use taxes the storage, use or consumption of electricity or other fuels used in manufacturing and other industries). We read these two provisions as outright exemptions from taxation for various fuels, not as statements of whether and how those fuels should be taxed in the first instance.

§ 201–4:39 (2013) (emphasis added).[5] The taxpayer argues, and the court of appeals agreed, that because electricity is treated as a commodity—as demonstrated by a stipulation between the parties that "[e]lectricity is traded on commodity futures exchanges"—it therefore qualifies as "tangible personal property" under section 39–26–104(1)(a).[6] But this argument is beside the point. Because the General Assembly chose to tax electricity as a service under section 39–26–104(1)(d.1), whether electricity might meet the definition of tangible personal property has no bearing on our analysis.

¶ 13 The court of appeals placed great weight on the fact that section 39–26–104(1)(d.1) taxes "*gas* and electric service," not just electric service. (Emphasis added). Based on the inclusion of gas, it "agree[d] with the trial court that the Department cannot principally contend that, although natural gas qualifies as tangible personal property, which it certainly does, the General Assembly intended a different result for electricity based on the statutory scheme." *Pub. Serv. Co.*, —— P.3d at ——, 2011 WL 4089971 at *8. We are not called upon in this case to consider the treatment of natural gas under the sales and use tax statutes, however, nor have we been asked to rationalize the treatment of various taxpayers under those statutes. Instead, we hold that when it considered the treatment of electricity under the sales and use tax statutes, the General Assembly treated electricity as a service as that term is defined in section 39–26–104(1)(d.1).

¶ 14 Both sides in this case cite to various legislative schemes and opinions from other states regarding the taxation of electricity. We conclude that none of this authority is particularly persuasive with regard to how the General Assembly decided to tax electricity in Colorado. Based on our own sales and use tax statutes, we hold that the General Assembly treated electricity as a service, rather than as tangible personal property. Electricity therefore does not constitute "tangible personal property" as required to fall within the machinery exemption of section 39–26–709(1)(a)(II). Accordingly, we reverse the court of appeals and remand for further proceedings consistent with this opinion.[7]

### III.

¶ 15 For the foregoing reasons, we reverse the judgment of the court of appeals and remand the case for further proceedings consistent with this opinion

JUSTICE MÁRQUEZ does not participate.

---

5. The regulation further refines the statutory definition contained in section 39–26–102(15), which defines "tangible personal property" as "corporeal personal property."

6. The court of appeals relied heavily on this stipulation, which it described as "not equivocal and contain[ing] no reservation," to conclude that electricity constitutes a commodity and is thus tangible personal property. *Pub. Serv. Co.*, —— P.3d at ——, 2011 WL 4089971 at *7–8. We note that stipulations made by litigants as to questions of law and mixed questions of law and fact are not binding upon courts. *Bar 70 Enters. v. Tosco Corp.*, 703 P.2d 1297, 1306 (Colo.1985).

7. Because we find that electricity is treated as a service rather than as tangible personal property under our sales and use tax statutes, and that therefore the machinery tax exemption is unavailable here, we need not consider whether the production of electricity constitutes the "manufacturing" of electricity under the exemption, as presented in our second question for review.